(55 South. 733.)

No. 18,236.

BLACK BAYOU OIL CO. v. PYRON et al.

(June 15, 1911.)

*(Syllabus by Editorial Staff.)*

EXECUTORS AND ADMINISTRATORS (§ 149*)—
DEBTS—SALE OF LAND—SUIT TO VACATE.

Where a succession owed debts to creditors who were pressing for payment, requiring a sale of land to raise funds to pay the debts, and complainant owning an oil lease on part of the land incumbered with a mortgage, with full knowledge of the proceedings, made no offer to furnish the administratrix with money with which to pay the succession debts, but suffered the sale to take place, it was not entitled to maintain a suit to vacate the sale for the reason that the administratrix's real motive in selling the land was to relieve the succession of the lease.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 149.*]

Appeal from First Judicial District Court, Parish of Caddo; A. J. Murff, Judge.

Suit by the Black Bayou Oil Company against J. L. Pyron and others. Judgment for defendants, and complainant appeals. Affirmed.

Thigpen & Herold, for appellant. Wise, Randolph & Rendall, for appellees.

PROVOSTY, J. The object of this suit is to set aside a succession sale, as having been made collusively and fraudulently for the purpose of freeing the property of an oil lease which the plaintiff company held upon it.

The lease was from Mrs. McCain. The land belonged to her and her minor children in indivision, it having been acquired during the existence of the community of acquêts and gains between her and her deceased husband, father of her children; or, rather, it belonged to the succession of her deceased husband, which owed debts and had never been settled. Mrs. McCain had qualified as administratrix of the succession, but not as tutrix of her children.

The record leaves no doubt whatever that Mrs. McCain caused the property to be sold because she was being pressed by the creditors of the succession, and could not procure in any other manner the money wherewith to make payment.

The land leased to plaintiff was the S. E. ¼ of section 10. The succession owned also the S. ½ of S. ½ of section 11. There was a mortgage of some $1,500 resting upon the land leased to plaintiff. The succession owed in all about $5,000. Plaintiff knew of the existence of these debts, and knew that Mrs. McCain was being pressed to pay them. The property could not be adjudicated at the first offering, for want of a bidder, and had to be readvertised for sale on 12 months' bond. The plaintiff company had full knowledge of all the proceedings, and yet did not offer to furnish Mrs. McCain with the money wherewith to pay the succession debts; but suffered the sale to take place and then brought this suit to set it aside. Plaintiff did offer to pay the debt secured by mortgage upon the leased property; but of what avail would have been the payment of only a part of the debts whereof the payment was being demanded and pressed?

Had plaintiff offered to furnish Mrs. McCain the money needed for obviating the necessity of a sale of the succession property, and she refused to accept the offer, a different case would have been presented· (Loeb v. Decuir, Man. Unrep. Cas. 402); for there can be no question but that the other circumstances of the case strongly indicate that the sale was resorted to as a means of getting rid of plaintiff's oil lease. But the sale of the property having been compulsory, all other or secret motives of Mrs. McCain in causing it to be made become immaterial. And we will add that, these other motives being immaterial, all the circumstances going to show them are also immaterial, and particular reference to them would be a useless incumbering of the record.

Judgment affirmed.